UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAFARI STEWART,

                            Plaintiff,

                  -against-

Police Officer SHYNELL PARRIS-MITCHELL, Shield No. 13476; Police Officer ANGELO NUNEZ, Shield No. 7858; Police Officer DOREYDA MUNOZ, Shield No. 17104; Sergeant MICHAEL HOWARD, Shield No. 3291; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 9245 (PAC)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Jafari Stewart ("plaintiff" or "Mr. Stewart") is a resident of Bronx County in the City and State of New York.

8. Defendant Police Officer Shynell Parris-Mitchell, Shield No. 13476 ("Parris-Mitchell"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Parris-Mitchell is sued in her individual and official capacities.

9. Defendant Police Officer Angelo Nunez, Shield No. 7858 ("Nunez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Nunez is sued in his individual and official capacities.

10. Defendant Police Officer Doreyda Munoz, Shield No. 17104 ("Munoz"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Munoz is sued in her individual and official capacities.

11. Defendant Sergeant Michael Howard, Shield No. 3291 ("Howard"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Howard is sued in her individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 9 p.m. on April 18, 2013, Mr. Stewart was lawfully walking in the vicinity of St. Mary's Park in the area of 649 Westchester Avenue in Bronx, New York.

16. Without reasonable suspicion or probable cause to believe Mr. Stewart had behaved unlawfully, defendants, in a marked police vehicle ordered him to walk

-3-

over to them and produce his identification.

17. Mr. Stewart was on his way to work.

18. Mr. Stewart complied, walked to them and produced his identification.

19. Defendants begin to pat frisk plaintiff.

20. Mr. Stewart asked why he was being stopped; why he needed to produce identification; and why he was being pat frisked.

21. A female defendant then put her hands on Mr. Stewart. When Mr. Stewart asked why she was touching him, she replied, in sum, "because I can do whatever the fuck I want to."

22. Defendants then issued two false tickets to Mr. Stewart, for disorderly and for violating park rules.

23. By issuing two felonious tickets against Mr. Stewart, defendants created false evidence against plaintiff.

24. At no point did the officers observe Mr. Stewart engage in disorderly or violate park rules.

25. On or about July 1, 2013, the ticket against plaintiff was dismissed.

26. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has bee n commenced within one year and ninety days after the happening of the events upon which the claims are based.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**State Law False Imprisonment and False Arrest**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

38. Plaintiff was conscious of his confinement.

39. Plaintiff did not consent to his confinement.

40. Plaintiff's confinement was not otherwise privileged.

41. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
**State Law Assault and Battery**

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

45. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiff.

49. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

50. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

51.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Hiring, Training and Retention

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

54.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

55.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

56.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Failure To Intervene

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against the individual defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.

Dated:    April 24, 2014
             New York, New York

                                      HARVIS WRIGHT & FETT LLP

                                      _____
                                      Gabriel Harvis
                                      305 Broadway, 14th Floor
                                      New York, New York 10007
                                      (212) 323-6880
                                      gharvis@hwandf.com

                                      *Attorneys for plaintiff*